IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DE'ANGELO JAE'SHUN NORTHCROSS                                    PETITIONER

v.                                    No. 4:21-cv-04057

DEXTER PAYNE                                                      RESPONDENT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person

in State Custody.  ECF No. 1.  This Petition was filed by De'Angelo Jae'Shun Northcross

("Northcross") on August 30, 2021.  Respondent Dexter Payne has filed a response and argues all of

Northcross's claims should be dismissed because they are either waived, are state-law claims, or are

procedurally defaulted claims.  ECF No. 7.  This Petition has been referred to the undersigned for

findings of fact, conclusions of law, and recommendations for the disposition of the case.  It is now

ripe for consideration.  The Court has reviewed the Petition, Response, and all exhibits submitted

and finds this Petition should be **DENIED.**

A.      **Procedural Background:** [1]

Northcross is an inmate incarcerated at the Ouachita River Unit in Malvern, Arkansas.  ECF

No. 1.  On June 29, 2021, Northcross was sentenced to 180 months or 15 years under Arkansas Code

Annotated § 5-14-103 for the rape of a five-year-old female.  ECF No. 7-2.  Northcross was

sentenced in the Circuit Court of Little River County Arkansas, Ninth Judicial Circuit West (Division

1).  ECF No. 7-4.  This offense occurred from 2015 until 2016; and at the time of this continuing

offense, Northcross was sixteen to eighteen years old.  ECF No. 7-2.

---

[1] The procedural background is taken from the Petition, Response, all the attached exhibits, and matters of
public record regarding this case.

This sentence of 15 years was entered consistent with a plea agreement Northcross signed on May 21, 2021. ECF No. 7-3. In this plea agreement, Northcross recognized he was pleading to a rape charge, with 10 to 40 years or life in prison as a penalty for this offense. *Id.* Northcross also stated in this plea agreement that he had no doubts as to his plea and was not "under the influence of any substance, drugs, alcohol or medicine" that would affect his ability to think clearly or influence his judgment. *Id.*

On June 29, 2021, Northcross appeared before the Honorable Tom Cooper, Little River County, Arkansas, Circuit Judge, for a change of plea hearing. ECF No. 7-4. As a part of this hearing, Northcross represented he understood the minimum and maximum possible sentences for the offense which has been charged. *Id.* at 5-6. Northcross represented to Judge Cooper in his own words that he was guilty of the offense because he "put . . . [his] . . . finger in . . . the girl." *Id.* at 8. Northcross then changed his plea from "not guilty" to "guilty" and was sentenced to 15 years. *Id.* at 7-8. Northcross did not appeal his sentence or seek post-conviction relief pursuant to Arkansas Rule of Criminal Procedure 37.

On August 30, 2021, Northcross filed the current *pro se* Petition for Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2254. ECF No. 1. Respondent Dexter Payne filed a response on October 21, 2021. ECF No. 7. This is Petition is currently before this Court, and it is now ripe for consideration.

**B.     Instant Motion**:

Northcross raises three different grounds for *habeas* relief in his Petition: (1) his sentence amounts to cruel and unusual punishment  and his due process rights were violated because "[t]hey did not do a rape kit on the victim"; (2) his constitutional rights were violated because he did not receive an evidentiary hearing; and (3) he received an excessive sentence because he was a "minor

at the time" so "they cannot charge me as an adult." ECF No. 1.  Respondent has addressed each of

these issues and claims Northcross is not entitled to relief on any of these claims.  ECF No. 7.

**C.      Applicable Law:**

Northcross seeks *habeas* review of a state-court conviction in this Court pursuant to 28

U.S.C. § 2254.  ECF No. 1.  In the interests of finality and federalism, a federal *habeas* court is

constrained by statute to exercise only a "limited and deferential review of underlying state-court

decisions." *See, e.g., Whitehead v. Dormire,* 340 F.3d 532, 536 (8th Cir. 2003).  The "AEDPA erects

a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in

state court." *Burt v. Titlow,* 134 S. Ct. 10, 16 (2013).

A federal court reviewing a state-court merits ruling of a federal question may grant habeas-

corpus relief only if the state's adjudication "(1) resulted in a decision that was contrary to, or an

unreasonable application of, clearly stablished Federal law, as determined by the Supreme Court of

the United States; or (2) resulted in a decision that was based on an unreasonable determination of

the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(1),

(2).

Review under 28 U.S.C. § 2254(d)(1) is limited to the record that was before the state court

that adjudicated the claim on the merits.  *See Cullen v. Pinholster,* 563 U.S. 170, 181 (2011).  Under

§ 2254(d)(2), a decision adjudicated on the merits in a state court based on a factual determination

will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence

presented in the state court proceeding.  *See, e.g., Miller-El v. Cockrell,* 537 U.S. 322, 340 (2003).

In making this determination, factual findings by the state courts are presumed correct absent clear

and convincing evidence to the contrary.  *Id.;* 28 U.S.C. § 2254(e)(1).

**D.      Discussion:**

Based upon the Court's review of the record in this matter, Northcross is not entitled to

*habeas* relief as outlined below:

### 1.  Cruel and Unusual Punishment and Due Process Violation

Northcross claims his guilty plea was constitutionally invalid because under the terms of the negotiated plea agreement, Northcross claims the State agreed to recommend a term of 10 years' imprisonment as opposed to the 15 years he received at the sentencing hearing.  ECF No. 1 at 5. Reading this claim liberally, Northcross also claims his sentence is excessive in violation of the Eighth Amendment prohibition against cruel and unusual punishment and the due process clause of the Fourteenth Amendment.  *Id.*  In response to Northcross's claim, Respondent Payne argues this claim is procedurally defaulted.  ECF No. 7 at 5-9.

It is well-recognized that as a matter of comity and federalism, state courts are given the opportunity to address a federal constitutional error before those claims are presented to the federal courts.  *See, e.g., Coleman v. Thompson,* 501 U.S. 722, 731 (1991).  Therefore, as a precondition to obtaining relief under the federal *habeas* statute, an applicant must show that he or she "has exhausted the remedies available in the courts of the State[.]" 28 U.S.C. § 2254(b)(1)(A).  Here, Northcross did not appeal his sentence or seek post-conviction relief; accordingly, Northcross did not properly raise this claim at the state-court level.  Thus, it is procedurally barred.

Northcross's procedural default may be excused if he can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law or a miscarriage of justice.  *See Coleman,* 501 U.S. at 749-50.  First, Northcross has provided no excuse for his default.  *See* ECF No. 1.  To excuse his procedural default, the "cause" must be "something external to the petitioner, something that cannot fairly be attributed to him."  *Coleman,* 501 U.S. at 753.  Here, Northcross has made no demonstration—nor does he even claim—that he has cause for his failure to raise this issue at the state-court level.

Second, Northcross cannot establish actual prejudice as a result of the alleged violation of federal law or a miscarriage of justice. Indeed, as noted above, Northcross recognized as a part of his plea agreement that he was pleading to a rape charge, with a range of imprisonment of 10 to 40 years or life in prison for this offense. ECF No. 7-3. As a part of the Sentencing Order in the Circuit Court of Little River County, Arkansas, Northcross's presumptive sentence was 264 to 420 months or 22 years to 35 years. ECF No. 7-2. During his change of plea hearing, Northcross also admitted to digitally penetrating a five-year-old girl. Despite these facts, Northcross still only received 15 years. As such, the Court cannot find Northcross can demonstrate actual prejudice such is required to excuse his procedural default.

### 2. No Evidentiary Hearing

Northcross claims his constitutional rights were violated because he was not given an evidentiary hearing and "[t]he Court did not do a rape kit on the victim." ECF No. 1 at 6-7. Because Northcross did not raise this issue on appeal, he has procedurally defaulted on this claim also, and he has provided no excuse for this default. Thus, this claim should be dismissed on this basis alone.

Furthermore, even if Northcross had properly raised this issue before the state court or had provided an excuse for this procedural default, Northcross's *habeas* claim on this issue should still be denied. As noted above, Northcross pled guilty in this case and admitted during the sentencing hearing to digitally penetrating the victim. Such an unconditional plea constitutes a waiver of all non-jurisdictional defects that preceded the guilty plea, including claims alleging the deprivation of constitutional rights. *See United States v. Seay,* 620 F.3d 919, 921-22 (8th Cir. 2010). Northcross's claim that the lack of forensic evidence rendered the evidence insufficient to support his conviction for rape is a non-jurisdictional claim that was waived by his plea. *See United States v. Beck,* 250 F.3d 1163, 1166 (8th Cir. 2001). Thus, this claim would be barred on this basis too.

### 3.  Charged as an Adult

Northcross claims he received an excessive sentence: "Being a minor at the time they cannot charge me as an adult they went far and beyond this."  ECF No. 1 at 8.  Respondent Payne argues this claim should also be denied.  ECF No. 7.

Upon review, the Court finds this claim should be denied for three reasons.  First, as recognized above, Northcross procedurally defaulted on all his claims because he did not present them to the state court and there is no excuse for this default.  Second, also as noted above, because Northcross entered a guilty plea, he has waived all non-jurisdictional claims.

Third and finally, Northcross's claim that he was being sentenced as an adult is a matter of state law that is not reviewable as a federal *habeas* claim.  According to Arkansas Code Annotated § 9-27-318(c)(2)(E), a prosecuting attorney in Arkansas may charge and sentence a 14 or 15 year-old accused of committing rape as an adult.  This Court should not re-evaluate the State of Arkansas's decision to charge Northcross as an adult nor the state-court's decision to proceed on the basis Northcross was properly charged as an adult.  *See Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991) (recognizing "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions").  Thus, this claim must be dismissed on this basis as well.

### E.    Conclusion:

Based upon the foregoing, the Court recommends Northcross's Petition for Writ of Habeas Corpus (ECF No. 1) be **DENIED** in its entirety.  No evidentiary hearing is required in this matter.[2] The Court further recommends no Certificate of Appealability issue in this matter.

---

[2] Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts and 28 U.S.C. § 2254(e)(2) provide guidance on whether an evidentiary hearing is required.  Based upon the Court's review of those rules, the Court finds no such evidentiary hearing is required.  "A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record."  *Urquhart v. Lockhart, 726 F.2d 1316 (8th Cir.1984).*

The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are eminded that objections must be both timely and specific to trigger *de novo* review by the district court. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

**DATED** this **30th day of November 2021.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

7